**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2619
_____

In re:  SAA HETEP OBI SHAAIM MAA,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-20-cv-07792)
District Judge:  Honorable Madeline C. Arleo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 20, 2021

Before:  RESTREPO, PHIPPS and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 19, 2022)
_____

OPINION[*]
_____

PER CURIAM

Saa Hetep Obi Shaaim Maa appeals pro se the District Court's affirmance of the

Bankruptcy Court's order granting fees and expenses to her now-former attorney.

Because Obi Shaaim Maa's arguments are forfeited and lack merit, we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellee Shmuel Klein represented Obi Shaaim Maa in Chapter 13 bankruptcy proceedings. After about two years, he filed an application for compensation, seeking fees of $24,024.00 and expenses of $562.80. The trustee—but not Obi Shaaim Maa—filed objections, stating that the application did not satisfy the requirements of the local bankruptcy rules. Klein then filed an amended application, and the trustee again objected, stating that "[a]lthough counsel did a significant amount of work on this case with what would appear to be a positive outcome for the debtor and estate, the most recent fee application fails to meet the local rule requirements and the fees should not be granted until all is resolved and corrected." Klein again amended his application; this time the trustee objected to certain hourly fees he claimed. Klein amended his application once more to remove the challenged fees. Neither Obi Shaaim Maa nor the trustee objected to this application, and the Bankruptcy Court granted it, awarding Klein $20,982.50 in fees and $486.10 in expenses.

Obi Shaaim Maa appealed to the District Court. In her brief, she alleged that the compensation application and retainer agreement that Klein submitted in the Bankruptcy Court were fraudulent, and that the Bankruptcy Court erred in denying the trustee's motion to dismiss. The District Court affirmed the Bankruptcy Court's order, concluding that Obi Shaaim Maa had forfeited her allegations of fraud by failing to raise them in the

Bankruptcy Court and that the trustee had not objected to Klein's final, operative application.  Obi Shaaim Maa appealed.[1]

The District Court did not err here.  At the threshold, in her appellate brief, Obi Shaaim Maa has not raised any challenges to the District Court's rulings that she forfeited her claims of fraud and that the trustees did not object to Klein's final application.  She has therefore forfeited any arguments that she might have about these dispositive matters.  See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) ("[B]ecause they fail to develop [two] argument[s] in their opening brief, the Court holds that the [appellants] have forfeited these claims."); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

Even if Obi Shaaim Maa had not forfeited these issues in this Court, we discern no error in the District Court's analysis.  As the Court explained, Obi Shaaim Maa never raised her allegations of fraud before the Bankruptcy Court, and therefore forfeited review of those claims in the District Court.  See In re Venoco LLC, 998 F.3d at 109.  Further, the District Court was correct that the trustee did not object to Klein's final, amended application for fees, so contrary to Obi Shaaim Maa's assertion, there was no

---

[1] We have jurisdiction under 28 U.S.C. § 158(d)(1).  We exercise plenary review over the District and Bankruptcy Courts' conclusions of law.  See In re Venoco LLC, 998 F.3d 94, 101 (3d Cir. 2021); S'holders v. Sound Radio, Inc., 109 F.3d 873, 878 (3d Cir. 1997).

motion to dismiss for the Bankruptcy Court to adjudicate.  <u>See</u> Bankr. Ct. ECF No. 165 (stating, in granting the application, "no objections having been raised").

Accordingly, we will affirm the District Court's judgment.